UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

------------------------------------------------------------

**This Document Relates to:**

*Jennifer Love, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al. No. 3:13-cv-10009-DRH-PMF*[1]

**Judge David R. Herndon**

## ORDER

**HERNDON, District Judge:**

This matter is before the Court on Bayer's motion to show cause why the claims of the above captioned plaintiff should not be dismissed for failure to comply with the document preservation requirements in Case Management Order Number 61 ("CMO 61") (MDL 2100 Doc. 2740). Specifically, Bayer's motion to show cause relates to the plaintiff's alleged failure to comply with the requirements of CMO 61 § I.A.[2] Bayer's motion to show cause seeks dismissal of the plaintiff's claims in accord with the provisions of Section I.E. of CMO 61.[3]

---

[1]  This Order applies to plaintiffs Danielle and Brandon Younglove. However, as all other plaintiffs have previously been dismissed, this Order CLOSES the case. Further, as all other plaintiffs were dismissed with prejudice, the Court instructs the Clerk to enter judgment reflecting the same.

[2]  Pursuant to sections I.A and B, plaintiff was required to send document preservation notices to certain pharmacies, medical facilities, and doctors. Pursuant to section I.D., plaintiff was required to provide Bayer with a list of the persons and entities notified, copies of the notices, and certification that the notices were sent.

[3]  Pursuant to Section I.E of CMO 61, Gallbladder Plaintiffs who fail to fully comply with these requirements shall be given notice of such failure by e-mail or fax from Defendant's Liaison Counsel or his designee and shall be provided ten (10) additional days to cure such deficiency

Pursuant to Section I.E. of CMO 61, the plaintiff had 30 days to respond to Bayer's motion to show cause. The plaintiff failed to file a response. Thereafter, the motion was considered by Special Master Stephen Saltzburg.[4] Special Master Saltzburg reviewed the pleadings and the requirements of CMO 61 and filed a report and recommendation (Doc. 8). Special Master Saltzburg found that the plaintiff failed to comply with the requirements of CMO 61 and recommended that the plaintiff's claims be dismissed with prejudice in accord with the requirements of CMO 61.

The parties were given 14 days to respond or object to Special Master Saltzburg's report and recommendation. The 14 day deadline for responding or objecting to the Special Master's report has expired. The plaintiff has not responded or objected in any way.

Upon consideration of Bayer's motion to dismiss, the Special Master's report and recommendation, and the requirements of CMO 61, the Court finds that the plaintiff has failed to comply with CMO 61. Therefore, the plaintiff's claims are subject to with prejudice dismissal. The Court adopts Special Master

---

("Cure Period")." Section I.E. goes on to provide that "[n]o other extensions will be granted unless agreed to by all Parties"; "[i]f Plaintiff fails to cure the deficiency within the Cure Period, Defendant's Liaison Counsel or his designee may file a Rule to Show Cause why the Gallbladder Claim should not be dismissed with prejudice"; "[p]laintiff shall thereupon have thirty (30) days to respond to the Rule to Show Cause"; and "[a]ny failure to respond to the Motion within the required period of time shall lead to the dismissal of the Gallbladder Claim with prejudice, except for good cause shown."

[4] Section III of CMO 61 provides as follows: "The Court, by this Order, appoints Professor Stephen Saltzburg as Special Master to hear all motions regarding compliance with this Order, including motions directed to the sufficiency of the expert reports required under subparagraphs II (A) (5) and (6) above, and to recommend to this Court a ruling on each of the motions." (Doc. 2740 § III).

Saltzburg's report and recommendation as to this plaintiff. The plaintiff's claims are therefore **DISMISSED WITH PREJUDICE** for failure to comply with the requirements of CMO 61.

    **FURTHER**, as all other plaintiffs have previously been dismissed this Order CLOSES the case. **FINALLY**, as all parties have been dismissed with prejudice, the Court **DIRECTS** the **Clerk of the Court** to **enter Judgment** reflecting the same.

    **IT IS SO ORDERED.**

    Dated: August 11, 2015

Digitally signed by David R. Herndon
Date: 2015.08.11 15:48:04 -05'00'

United States District Court

3